UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RYAN WHITE | CIVIL ACTION |
| VERSUS | NO: 19-10389 |
| NEW ORLEANS & GULF COAST RAILWAY COMPANY | SECTION: "J"(1) |

### ORDER & REASONS

Before the Court is Plaintiff's *Motion to Dismiss Intervention Pursuant to Rule 12(B)(1)* **(Rec. Doc. 60)** filed by Plaintiff, Ryan White ("Plaintiff"). Plaintiff's motion is supported a memorandum in support or alternatively motion to sever **(Rec. Doc. 61)** filed by Defendant, New Orleans & Gulf Coast Railway Company ("Defendant"). Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition with citations of authorities be filed and served no later than eight (8) days before the noticed submission date. Plaintiff set the motion for submission on November 3, 2021. Although Intervenor, The Johns Law Firm ("TJLF"), has not filed a timely opposition, the Court is still required to determine if the motion has merit.

### DISCUSSION

Pursuant to 28 U.S.C. § 1367, if a district court solely has diversity jurisdiction over the plaintiff's claims, the court will not have supplemental jurisdiction over claims by Rule 24 intervenors, when jurisdiction would be inconsistent with § 1332 requirements. 28 U.S.C. § 1367(b). However, this Court has federal question

1

jurisdiction over the present matter, not diversity, by virtue of Plaintiff's claim under Federal Employers' Liability Act (FELA). Thus, Plaintiff's motion to dismiss intervention is without merit.

In the alternative, Defendant moves for TJLF's claim to be severed. Rule 21 of the Federal Rules of Civil Procedure grants courts broad discretion to sever parties, even if they are properly joined. Fed. R. Civ. P. 21; *see Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994); *see also Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). "To determine whether claims should be severed, a district court may consider the following factors: (1) whether the claims arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance; and (5) whether different witnesses and documentary proof are required for separate claims." *Pizani v. St. Bernard Parish*, 2013 U.S. Dist. LEXIS 49628, *13 (E.D. La. Apr. 5, 2013); *McFarland v. State Farm Fire & Cas. Co.*, 2006 U.S. Dist. LEXIS 63963, *3 (S.D. Miss. Sep. 6, 2006).

Here, different questions of law and fact exist for Plaintiff's personal injury claims for damages and TJLF's contract claims. Moreover, severance would likely not prejudice TJLF, who may still pursue their claims in the severed action. On theother hand, not severing the claims may prejudice Plaintiff and Defendant by potentially influencing the award of damages.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to dismiss *Motion to Dismiss Intervention Pursuant to Rule 12(B)(1)* **(Rec. Doc. 60)** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion to sever **(Rec. Doc. 61)** is **GRANTED**.

New Orleans, Louisiana, this 18th day of November, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE